UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE ROAD CARRIERS
LOCAL 707 PENSION FUND,
               Plaintiff,

-against-

J.R.S. TRUCKING SERVICES, INC.
               Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-2444 (CBA) (RLM)

**AMON, Chief United States District Judge:**

      Plaintiff Trustees of the Road Carriers Local 707 Pension Fund ("Fund") commenced this action against J.R.S. Trucking Services ("JRS") on April 30, 2015. Pursuant to the Multiemployer Pension Plan Amendments Act ("MPPAA") as codified in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1381 et seq., the Fund seeks to recover withdrawal liability plus interest, liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) based on JRS's complete withdrawal from the Pension Fund as defined by ERISA Section 4203(a), 29 U.S.C. § 1383(a).

      JRS was properly served, (see D.E. # 4), but did not answer or otherwise appear in this action. On July 2, 2015, the Clerk of Court entered a Certificate of Default. (See D.E. # 9.) The Fund moved for a default judgment, (D.E. # 11), which the Court referred to the Honorable Roanne L. Mann, United States Magistrate Judge, for report and recommendation ("R&R"), (D.E. dated Aug. 19, 2015).

      Judge Mann recommends that the Fund's motion for default judgment be granted in part. (See D.E. # 23, R&R, at 2.) Specifically, Judge Mann recommends that the Fund be awarded $1,662,002.00 in unpaid withdrawal liability; the interest on that unpaid amount as of the date of the Court's judgment pursuant to a formula set forth in the R&R; additional statutory damages in

1

the amount of that interest (rather than liquidated damages); $4,060 in attorney's fees; and $907.84 in costs. (See id.)

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Fund objects only to the R&R's recommendation that the Court award statutory damages rather than liquidated damages. (See D.E. # 24, "Pl. Obj.," at 1.) The Court accordingly reviews this award de novo. See Fed. R. Civ. P. 72(b)(3). Under the MPPAA, a prevailing plan is entitled to "an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages <u>provided for under the plan</u> in an amount not in excess of 20 percent" of the withdrawal liability. 29 U.S.C. § 1132(g)(2)(C) (emphasis added). The Fund argues that under its Trust Agreement with JRS, it is entitled to liquidated damages of 20 percent of the total withdrawal liability, or $332,400.40. (See D.E. # 12-2 ¶ 16.) Although the Fund submitted the Trust Agreement in support of default judgment, (see D.E. # 7, Ex. A), the Fund did not point out the liquidated-damages provision until objecting to the R&R, (see Pl. Obj. at 1). That provision—Article 6, Section 5—requires a liable employer to pay "the greater of (i) liquidated damages in the amount of 20% of the amount of unpaid contributions or withdrawal liability or; (ii) an amount equal to the interest owed on the unpaid contributions or withdrawal

liability." (Id. Ex. A at 16.) Although the Fund certainly should have pointed the Court to this provision in one of its numerous earlier submissions, its objection now makes clear that liquidated damages are "provided for under the plan." § 1132(g)(2)(C)(ii). The Fund is therefore entitled to receive liquidated damages in the amount of $332,400.40.

For these reasons, the Fund's motion for default judgment is granted, and the Fund is awarded the following damages: $1,662,002.00 in unpaid withdrawal liability; $92,195.58 in accrued interest on that unpaid amount; $332,400.40 in liquidated damages; $4,060 in attorney's fees; and $907.84 in costs. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: March 14, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge